**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDRIC TYRONE MOORE AND PAULA PFLUGER,<br><br>            Plaintiffs,<br><br>     v.<br><br>DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al.,<br><br>            Defendants. | NO. CV 16-0046-JFW(E)<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

        For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

                              **BACKGROUND**

        Plaintiffs Cedric Tyrone Moore and Paula Pfluger, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. section 1983 on January 4, 2016.  Defendants are: (1) the Los Angeles County Department of Children and Family Services ("DCFS"); (2) Children's Services Worker II Ebony Crowe; (3) Children's Services Supervisor

1   Lenee Brown; (4) Children's Services Worker Brent Callum; and
2   (5) Supervisor Social Worker Dasha Leonard.  Plaintiff sues the
3   individual Defendants in their official capacities only.

5        The form Complaint is vague and contains few understandable
6   factual allegations.  Plaintiffs allege that Defendant Crowe "failed
7   to interview plaintiff concerning allegations of domestic violence and
8   substance abuse and submitted false information depriving Plaintiff's
9   [sic] of due process" (Complaint, p. 3).  Crowe allegedly "failed to
10  provide adequate due process and investigation before filing the case"
11  (id., p. 5).  Defendant Brown allegedly "approved false evidence
12  without substantial facts leading to pre and post due process
13  violations causing plaintiff harm and endangering his child" (id., p.
14  3).  Brown allegedly "failed to confirm domestic violence allegations"
15  (id., p. 5).

17       Defendant Callum allegedly "detain[ed] plaintiff's daughter from
18  custody of mother and failed to notify father or grandparents and
19  endangering [sic] child by placing with a suicidal parent" (id., p.
20  3).  Callum also allegedly "failed to give notice of child being
21  admitted to foster care" (id., p. 5).  Defendant Leonard allegedly
22  "approved the removal of child to foster care without contacting the
23  father or grandmother violating Plaintiff due process rights" (id., p.
24  4).  Leonard also allegedly "failed to provide due process of
25  allegedly domestic violence to father when plaintiff was the victim of
26  the allege[d] domestic abuse by children services with active
27  restraining order, and was seeking hearing on the merit [sic] of the
28  issues after incidents occurred causing conflict with girlfriend and

mother of child leading to loss of consortium [sic]" (<u>id.</u>, p. 5).
Leonard also allegedly: (1) failed to provide Plaintiff Pfluger with
legal counsel; (2) failed to give Plaintiff Pfluger due process "to
defend against allegation listed in complaint with boyfriend that
subjected her to drug testing and altering living arraingments [sic]";
(3) "[f]ailed to provide with legal assistance in court proceedings";
and (4) exhibited "gender bias toward father giving preferred
treatment to mother to not complete court ordered requirement give
custody of child to mother who was unsuitable and suicidal" (<u>id.</u>).
Defendant DCFS allegedly "provided not [sic] pre or post due process
for drug abuse allegation to plaintiff and used false information to
detain child, and endangered child with suicidal parent (<u>id.</u>).

        Plaintiffs attach to the Complaint two form documents titled
"Claim for Damage, Injury or Death" used for the submission of federal
tort claims.  These forms bear Plaintiff Moore's name and concern
alleged incidents on March 11, 2014 and September 15, 2015.  The form
concerning the alleged March 2014 incident asserts that:
(1) Defendants Callum, Leonard and "Associate Staff" allegedly engaged
in prosecutorial misconduct related to notification to a relative of a
child's placement in foster care and to an assessment of domestic
violence; and (2) Defendant DCFS allegedly engaged in gender
discrimination and child endangerment by releasing a child to an
unstable parent.  The form concerning the alleged September 2015
incident asserts that: (1) Defendants Crowe and Brown allegedly
committed prosecutorial misconduct "that resulted in termination of
parental rights when father was known to be the victim of domestic
violence by childs [sic] mother"; (2) DCFS allegedly committed gender

discrimination under the direction of various DCFS officials including
Defendants Brown and Crowe; and (3) DCFS allegedly engaged in child
endangerment by releasing a child to an unstable parent.

In the prayer for relief, Plaintiffs seek damages of $14 million
for "emotional distress, financial stress, deprivation of life,
liberty, and property" (Complaint, p. 6).

**DISCUSSION**

Under Rule 8(a) of the Federal Rules of Civil Procedure, a
complaint must contain a "short and plain statement of the claim
showing that the pleader is entitled to relief." "Each allegation
must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1).
Conclusory allegations are insufficient. See Ashcroft v. Iqbal, 556
U.S. 662, 678, 686 (2009). "Experience teaches that, unless cases are
pled clearly and precisely, issues are not joined, discovery is not
controlled, the trial court's docket becomes unmanageable, the
litigants suffer, and society loses confidence in the court's ability
to administer justice." Bautista v. Los Angeles County, 216 F.3d 837,
841 (9th Cir. 2000) (citations and quotations omitted).

The Complaint, which is unclear and confused, fails to comply
with Rule 8. The relationship between the two Plaintiffs is unclear,
as is the relationship of Plaintiff Pfluger to Plaintiff's Moore's
children and to the alleged court proceedings. The Complaint
frequently refers to "plaintiff" in the singular without specifying
which of the two Plaintiffs the Complaint intends to reference.

4

Perhaps DCFS employees initiated child dependency proceedings involving one or more of the children of one or both Plaintiffs, based on allegations of domestic violence or drug abuse, and perhaps these proceedings resulted in the termination of the parental rights of one or both Plaintiffs or the placement of one or more of the children in foster care.  However, the Complaint is too vague, confused, and conclusory to permit any confident understanding of the factual bases of Plaintiffs' claims.  Accordingly, the Complaint fails to comply with Rule 8.  See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8 court may dismiss confused, ambiguous and unintelligible pleading); McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding dismissal of complaint which was "argumentative, prolix, replete with redundancy and largely irrelevant"); see also Ashcroft v. Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Plaintiff may not sue a municipal entity such as DCFS on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983.  See Connick v. Thompson, 563 U.S. 51, 60 (2011); Ashcroft v. Iqbal, 556 U.S. at 676 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  The County may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520

U.S. 397, 402-04 (1997); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 691 (1978).  Conclusory allegations do not suffice to plead a municipal liability claim.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011) (en banc), <u>cert. denied</u>, 132 S. Ct. 2101 (2012) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); see also <u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (pleading standards set forth in <u>Starr v. Baca</u> govern municipal liability claims).

The Complaint alleges no facts plausibly suggesting that the individual Defendants were acting pursuant to any DCFS policy, custom or usage in doing the alleged acts.  Hence, the Complaint fails to plead a cognizable municipal liability claim.

To the extent Plaintiffs claim that any individual Defendant wrongfully initiated child dependency proceedings, any such Defendant would appear to be immune from such a claim.  See <u>Costanich v. Dep't of Social and Health Servs.</u>, 627 F.3d 1101 (9th Cir. 2010) ("We have long held that social workers have absolute immunity when they make discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents.") (citations and internal quotations omitted).

Finally, although Plaintiff Moore signed the Complaint, Plaintiff Pfluger did not.  Rule 11(a) of the Federal Rules of Civil Procedure

1  provides that every pleading, written motion, and other paper must be
2  signed personally by an unrepresented party.  Plaintiff Moore cannot
3  represent Plaintiff Pfluger, or anyone other than himself.  <u>See</u>
4  <u>Campbell v. Burt</u>, 141 F.3d 927, 931 (9th Cir. 1998); <u>Johns v. County</u>
5  <u>of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997); <u>C.E. Pope Equity</u>
6  <u>Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987).

7
8                                   **ORDER**
9

10      For the foregoing reasons, the Complaint is dismissed with leave
11  to amend.  If Plaintiffs still wish to pursue this action, they are
12  granted thirty (30) days from the date of this Order within which to
13  file a First Amended Complaint.  The First Amended Complaint shall be
14  complete in itself.  It shall not refer in any manner to any prior
15  complaint.  All Plaintiffs must sign the First Amended Complaint.
16  Failure to file timely a First Amended Complaint may result in the
17  dismissal of this action.  <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639,
18  642-43 (9th Cir. 2002), <u>cert. denied</u>, 538 U.S. 909 (2003) (court may
19  dismiss action for failure to follow court order); <u>Simon v. Value</u>
20  <u>Behavioral Health, Inc.</u>, 208 F.3d 1073, 1084 (9th Cir.), <u>amended</u>, 234
21  F.3d 428 (9th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1104 (2001),
22  <u>overruled on other grounds</u>, <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th
23  Cir.), <u>cert. denied</u>, 552 U.S. 985 (2007) (affirming dismissal without
24  leave to amend where plaintiff failed to correct deficiencies in
25  complaint, where court had afforded plaintiff opportunities to do so,
26  and where court had given plaintiff notice of the substantive problems
27  with his claims); <u>Plumeau v. School District #40, County of Yamhill</u>,
28  ///

                                      7

1  130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend

2  appropriate where further amendment would be futile).

3

4       IT IS SO ORDERED.

5

6          DATED: January 13, 2016.

7

8

9   _____

10                  JOHN F. WALTER
                UNITED STATES DISTRICT JUDGE

11

12

13  PRESENTED this 8th day

14  of January, 2016, by:

15

16  _____/S/_____
          CHARLES F. EICK
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28